In re HUSTING LAND & DEVEL-OPMENT, INC., Tax I.D. No. 87–0521289, Reorganized Debtor.

No. 2:01–CV–24B.
Bankruptcy No. 97–20309 JAB.

United States District Court,
D. Utah,
Central Division.

Jan. 30, 2002.

Duanne H. Gillman, McDowell & Gillman PC, Salt Lake City, UT, Steven F. Allred, Orem, UT, for Appellant.

R. Kimball Mosier, Parsons Davies Kinghorn & Peters, Adam S. Affleck, Prince Yeates & Geldzahler, Salt Lake City, UT, Michael R. Johnson, Snell & Wilmer LLP, Salt Lake City, UT, Daniel E. Garrison, Squire Sanders & Dempsen LLP, Phoenix, AZ, for Appellees.

## OPINION AND ORDER

BENSON, Chief Judge.

Before the Court is an appeal from the Memorandum Decision and Order of the United States Bankruptcy Court for the District of Utah in the Chapter 11 case of *In re Husting Land & Development, Inc.,* 97–20309 JAB. Appellant R.A. McKell Excavating, Inc., claims the bankruptcy court committed reversible error by denying it administrative expense priority status and by excluding portions of its proffered expert's testimony. This Court now affirms the bankruptcy court's decision for the reasons set forth in the court's opinion with the following additional comments.

The standard of review on this appeal is whether the bankruptcy court's decision was based on an accurate definition of law and rational application of the facts. When reviewing the factual findings of the bankruptcy court, the Court is bound by those findings unless clearly erroneous. *See In re Branding Iron Motel, Inc.,* 798 F.2d 396, 399 (10th Cir.1986). The Court undertakes a *de novo* review of the legal conclusions of the bankruptcy court. *See In re Mullet,* 817 F.2d 677, 678 (10th Cir.1987). Pursuant to Rule 52(c) of the Federal Rules of Civil Procedure, as incorporated in contested matters by Bankruptcy Rule 9014, "the court weighs the evidence and assesses the credibility of witnesses to determine whether or not [appellant] has demonstrated a factual and legal right to relief by a preponderance of the evidence." *Winning Ways, Inc. v. Holloway Sportswear, Inc.,* 913 F.Supp. 1454, 1460 (D.Kan.1996) citing to *Roth v. American Hosp. Supply Corp.,* 965 F.2d 862, 865 (10th Cir.1992). The district court may only reverse the lower court if it

is "left with the definite and firm conviction that a mistake has been committed." *Roth,* 965 F.2d at 865.

■ In the instant case, applying this standard of review, the Court finds that the bankruptcy court did not err in employing the creditor expectations/vertical dimension test to define "ordinary course of business." Indeed, the Court finds that this test is well-supported by precedent and the language of the bankruptcy provision itself. The Court further finds that the creditor expectations/vertical dimension test is entirely consistent with the purpose of Chapter 11 reorganization filings and the exception contemplated by 11 U.S.C. § 364(a) providing for ordinary business expenses. Accordingly, the Court holds that the bankruptcy court did not commit reversible error in employing the creditor expectations/vertical dimension test in assessing R.A. McKell's claim.

■ Appellant also argues that the bankruptcy court erred in excluding both the testimony of Husting's former principal, Leon Harward, concerning his personal business practices and the testimony of appellant's proffered expert, Terry Diehl, on his definition of "ordinary course of business." This Court reviews the bankruptcy court's exclusion of evidence at trial under an abuse of discretion standard. *See Smith v. Ingersoll–Rand Co.,* 214 F.3d 1235, 1243 (10th Cir.2000). Reversible error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right is affected. *See Thweatt v. Ontko,* 814 F.2d 1466, 1471 (10th Cir. 1987). The test is not met where the evidence refused admission does not add anything of probative value beyond the evidence already admitted. *See Sims Consolidated, Ltd. v. Irrigation & Power Equipment, Inc.,* 518 F.2d 413, 418 (10th Cir.1975).

Applying this standard of review to the instant case, the Court finds the bankruptcy court's evidentiary rulings were within the court's discretion and sound for the reasons articulated by the bankruptcy court in its decision. Specifically, with respect to Mr. Diehl's testimony concerning the definition of "ordinary course of business," the Court finds on review that the more fundamental reason for ruling inadmissible the proffered expert opinion is because that opinion was based on the meaning of the law. The bankruptcy court was certainly free to recognize that the proffered expert was by no means a legal expert. Furthermore, even if the court did consider Mr. Diehl a legal expert, it is neither common, nor proper, for the court to accept expert legal testimony in its proceedings; rather, courts accept such testimony through attorneys in the normal adversarial process.

Rule 702 of the Federal Rules of Evidence allows for admission of expert testimony only if deemed useful to the trier of fact. *See* Fed.R.Evid. 702. The legal conclusions of a proffered expert are neither useful or appropriate for a trier of fact. Accordingly, in the instant case, the Court finds that it was within the bankruptcy court's discretion to not admit the proffered expert testimony and finds that such testimony was neither customary nor necessary, and therefore, not useful to the court.

### ORDER

Accordingly, for the reasons set forth in the bankruptcy court's opinion and for the foregoing additional comments, the Court AFFIRMS the decision of the bankruptcy court denying administrative expense priority status to appellant R.A. McKell. IT IS SO ORDERED.